**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DEBORAH PRISE,             )
                                     )
           Plaintiff,            )          Civil Action No.: 06-1470
                                     )
              v.                )
                                   )
ALDERWOODS GROUP, INC.   )
                                     )
           Defendant.       )
                                   )

**<u>MEMORANDUM OPINION and ORDER</u>**

CONTI, District Judge.

I.     **<u>Background</u>**

Plaintiff Deborah Prise ("plaintiff" or "Prise") brought claims of employment discrimination against defendant Alderwoods Group, Inc. ("defendant" or "Alderwoods") [1] alleging that defendant subjected her to various forms of illegal discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Pennsylvania Human Relations Commission, 43 Pa. Stat. §§ 951 et seq. (the "PHRA"), and the Equal Pay Act, 29 U.S.C. § 206(d).  On September 21, 2009, this court issued a memorandum opinion (Docket No. 169) and an order granting Alderwoods' motion for summary judgment (Docket No. 170) with respect to all claims except plaintiff's retaliation claims under Title VII and the PHRA.  As a result, the only claims tried were plaintiff's retaliation claims.

---

[1] Initially this case involved claims by Prise and one other employee against five defendants, including Alderwoods.  The only remaining parties are Prise and Alderwoods.

On May 4, 2010 plaintiff's claims of retaliatory discrimination went to trial before a jury. On May 14, 2010, the jury rendered a verdict in favor of plaintiff and against defendant with respect to plaintiff's claim that defendant retaliated against her by suspending her because she filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") and rendered a verdict in favor of defendant and against plaintiff on all other retaliation claims. No damages were awarded. On July 10, 2010 plaintiff filed a motion for equitable relief (the "Motion") (Docket No. 266), seeking a permanent injunction requiring defendant to cease and desist from retaliating against its employees in the future if the employees were to engage in activity protected by Title VII.

Defendant responded to the Motion on July 19, 2010. (Docket No. 268.) On July 20, 2010, the court held a hearing on the Motion. At the hearing the court denied plaintiff's Motion for the reasons set forth below, which were detailed on the record.

## II.    Standard of Review

"[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." eBbay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Id. (citing Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-13 (1982)). The decision to grant or deny permanent injunctive

relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion. Id. (citing Romero-Barcelo, 456 U.S. at 320).

**III.**   **Discussion**

Plaintiff argues that the court has broad and specific authority under Title VII to enjoin a defendant from engaging in unlawful employment practices pursuant to § 706(g)(1) of Title VII . In support, plaintiff cites Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 72 (2006) ("After all, throughout its history, Title VII has provided for injunctions to 'bar like discrimination in the future ...'") (quoting Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975)). Plaintiff also points to Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997), and Franks v. Bowman Transp. Co., 424 U.S. 747, 768-72 (1976).

Prise requests the court to enjoin Alderwoods from future retaliation against other employees who engage in activity protected by Title VII. Prise concedes that she no longer works for Alderwoods, but argues that a cease and desist order is necessary so that employees of Alderwoods understand that they can engage in protected activity, including the filing of an EEOC charge, without fear of retaliation by the company, and Alderwoods is properly charged that it may not engage in conduct that is expressly prohibited by Title VII. Plaintiff notes that the Supreme Court in Albemarle Paper, 442 U.S at 418, and Franks, 424 U.S. at 768-72, instructed that the remedial purposes of Title VII were modeled after those of the National Labor Relations Act, under which cease and desist orders are commonplace. Plaintiff argues that the primary purpose of the retaliatory provision of Title VII is "'[m]aintaining unfettered access to statutory remedial mechanisms.'" (Pl.'s Mot. 3 (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997)). Plaintiff submits that an injunction admonishing an employer to follow the

law should issue in every case where an employer has violated Title VII. Plaintiff contends that, absent a cease and desist injunction, defendant's employees will be reluctant to engage in protected activity.

Defendant makes several arguments in response. The court will address three of those arguments which are dispositive. First, defendant asserts that plaintiff waived her claim for injunctive relief by not providing notice of her intent to seek an injunction in her pretrial statement or in the final pretrial order. In support, defendant relies on Walker v. Anderson Electrical Connectors, 944 F.2d 841, 844 (11th Cir. 1991); Jimenez v. Paw-Paw's Camper City, Inc., Civ. A. No. 00-1756, 2002 WL 257691, at *7 (E.D. La. Feb. 22, 2002); and Miller v. Bare, 457 F. Supp. 1359, 1366 (W.D. Pa. 1978) (refusing to address claims for punitive damages and attorney fees that were not "claimed in the Plaintiff's Pretrial Statement, Supplemental Pretrial Statement, nor at the Pretrial Conference").

Second, defendant argues that injunctive relief would be inequitable and inappropriate because the relief would be difficult to enforce, noting that plaintiff no longer works for defendant, and would not have standing to bring any action to enforce the injunction.

Third, defendant argues that plaintiff failed to prove the essential requirements for injunctive relief. Defendant claims that plaintiff's injunction is not necessary to remedy an irreparable injury for which monetary damages are inadequate, or that the requested injunction is in the public interest. In support, defendant cites eBay Inc., 547 U.S. at 391. Defendant notes that there is no evidence that Alderwoods retaliated against other employees.

**IV.**    **Analysis**

**A. Plaintiff's Waiver**

As a threshold matter, plaintiff did not alert the court or defendant in her pretrial statement that she intended to seek injunctive relief. The request for a permanent injunction should have been raised in plaintiff's pretrial statement. On October 15, 2009, the court issued an order (Case Management Order – Pretrial), which provided in relevant part:

> 6.   Contents of pretrial statements. As provided in Local Rule LR 16.1.4 of this court, the parties' pretrial statements shall set forth the information hereinafter described:
>
> > (A)   Factual and Legal Contentions. A brief but full exposition shall be made of the legal theories that will be pursued at trial and a statement shall be made, in narrative form, of the material facts that will be offered at trial.
>
> \*\*\*
>
> > (F)   Sanctions. At trial, each party shall be limited to those factual and legal issues contained in his or her pretrial statements. All evidence, except evidence offered for impeachment, that does not related to a factual or legal issue set forth in the pretrial statement or disclosed at the pretrial conference shall be excluded unless the parties agree otherwise or the court orders otherwise.

Case Management Order – Pretrial, dated Oct. 15, 2009, ¶ 6. (Docket No. 172). If plaintiff was seeking some form of equitable relief, that request should have been set forth in her pretrial statement. It was not. Plaintiff waived her right to this relief. See Alexander v. Riga, 208 F.3d 419, 426 (3d Cir. 2000); Payne v. S.S. Nabob, 302 F.2d 803, 806-07 (3d Cir. 1962); 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FED. PRAC. & PROC. CIV. §1527 (3d ed. 2010).

Assuming, arguendo, that plaintiff had notified defendant and the court about her intention to seek injunctive relief, the court will analyze her request on the merits.

## B. **Difficulty of Enforcement**

As an initial matter, the jury determined that plaintiff voluntarily quit her position with defendant and was not constructively terminated by defendant. Therefore, at best, there is a period of two weeks in which plaintiff was subject to the retaliation. Plaintiff seeks a generic kind of injunction that defendant not engage in the type of retaliatory conduct prohibited under Title VII. There is an overarching question about whether this type of generic, "[d]o not violate the law" injunction can issue. Louis W. Epstein Family P'ship v. Kmart Corp., 13 F.3d 762, 771 (3d Cir. 1994) ("Broad, non-specific language that merely enjoins a party to obey the law or comply with an agreement, however, does not give the restrained party fair notice of what conduct will risk contempt.").

Since plaintiff no longer works for defendant, such an injunction would be difficult to enforce. A request for sanctions or enforcement would need to be brought in the future by some unknown employee who would have standing; plaintiff lacks standing to enforce the rights of a third party. See Cardenas, 269 F.3d at 265 n.9; see also In re Diet Drugs Prods. Liab. Litig., 369 F.3d 293, 315 (3d Cir. 2004) (injunctions must be enforceable, workable, and capable of court supervision) (citing Lemon v. Kurtzman, 411 U.S. 192, 200 (1973) ("[E]quitable remedies are a special blend of what is necessary, what is fair, and what is workable."); United States v. Paramount Pictures, Inc., 334 U.S. 131, 161-66 (1948) (vacating injunction that implicated the "judiciary heavily in the details of business management" in order for supervision "to be effective"); RESTATEMENT (SECOND) OF TORTS § 943 cmt. a ("In determining the appropriateness

of injunctive relief, the court must give consideration to the practicality of drafting and enforcing the order or judgment. If drafting and enforcing are found to be impracticable, the injunction should not be granted.")).

## C. <u>Factors Considered for Injunctive Relief</u>

In <u>eBay</u>, the Supreme Court set forth the four-factor test described earlier which a plaintiff must satisfy before a court may grant a permanent injunction. <u>eBay</u>, 547 U.S. at 391. The court's focus is on the first two factors – showing of an irreparable injury and inadequacy of available remedies at law.

Plaintiff argues that the test set forth in <u>eBay</u> is inapplicable to the instant case because <u>eBay</u> was not decided in the context of Title VII. The court disagrees. Neither party pointed to, nor has the court found, a single decision where a request for a permanent injunction did not require the plaintiff to meet a test similar to the one set forth in <u>eBay</u>.

In reviewing requests for injunctive relief to implement specific antidiscrimination policies and to alter certain employment records – "contrary to fact" – of the plaintiff, the Court of Appeals for the Third Circuit in <u>Cardenas v. Massey</u>, 269 F.3d 251 (3d Cir. 2001), instructed that the injunctive relief requested could not make the plaintiff whole or be of an aid to him because he was no longer employed by that employer. In other words, the plaintiff could not be affected by the implementation of or failure to implement new policies. In a footnote, the court commented:

> To the extent he seeks relief for perceived ongoing
> discrimination at the AOC against current employees, he
> has presented no evidence of such discrimination and
> cannot in any case assert the rights of the employees.

Cardenas, 269 F.3d at 265 n.9.  Similarly, in the instant case, plaintiff's request for injunctive relief cannot protect any continuing rights of plaintiff, but instead is designed to protect other employees by an admonition to defendant that it is not to violate the law.  No evidence of any ongoing discrimination against current employees, however, was presented at trial.  It is noteworthy that the actual funeral home at which plaintiff worked no longer exists because the building in which the funeral home operated burned down.

Plaintiff argues that Cardenas is distinguishable from the instant case because in Cardenas, prior to any finding of an unlawful employment practice by the employer, the court ruled on a summary judgment motion where the relief requested consisted of implementing an antidiscrimination policy and retroactively to change an employment record.  Plaintiff relies upon Rau v. Apple-Rio Management Company, Inc., 85 F. Supp. 2d 1344 (N.D. Ga. 1999), among other decisions, for the proposition that whether or not the suing party remains an employee is irrelevant because an injunction for violations of Title VII can take on a public nature for the benefit of other employees, who are not parties to the action.  In Rau, however, injunctive relief was not granted because the plaintiff was no longer employed by the defendant and could not personally benefit from an injunction.  Id. at 1352.  The difficulty for plaintiff is that to consider matters of public nature here, at a minimum, plaintiff needed to show evidence of ongoing discrimination, which she did not do.  Cardenas, 269 F.3d at 265 n.9.

Plaintiff's reliance upon Burlington Northern and Albemarle Paper is misplaced because the proposed injunctions in those cases were designed to make the plaintiffs – who continued to be employed by their respective companies – whole.  See Burlington Northern,  548 U.S. at 58 (dealing with reassignment issues); Albemarle Paper, 422 U.S. at 406 (dealing with seniority).

Because plaintiff is no longer employed by defendant, an injunction to compel defendant to comply with Title VII will have no affect on her.

In the alternative, plaintiff argues that, at a minimum, defendant should be required to post a notice at its place of employment reminding employees of its antiretaliation policy and stating that the notice is a result of a court decision finding that defendant violated the law. Plaintiff raised the request for this specific injunction for the first time at the hearing on equitable relief. Such an injunction, however, would be difficult to enforce in this case. Plaintiff would not have standing to pursue any contempt actions. See Cardenas, 269 F.3d at 265 n.9.

The court simply cannot agree with plaintiff's argument that in every Title VII case in which a plaintiff prevails on a claim a permanent injunction should issue against the employer. If the court were to follow that reasoning, the standard for obtaining injunctive relief would be eviscerated. An injunction may be appropriate relief in Title VII cases where entitlement to such relief is proven. Those circumstances are not before the court. The court cannot find irreparable damage to plaintiff caused by defendant's action. Plaintiff did not show the remedies available at law were inadequate to compensate for any injury caused to plaintiff by defendant. Plaintiff cannot meet her burden on the first two factors requisite for injunctive relief to be granted. Under those circumstances, the court need not address the other factors.


## V.  Conclusion and Order

For the reasons discussed above, the court concludes that a permanent injunction in this case would not be appropriate under the law. It is hereby **ORDERED**  that plaintiff's motion for injunctive relief (Docket No. 266) is **DENIED**.

Dated: August 31, 2010                          /s/ JOY FLOWERS CONTI_____
                                                Joy Flowers Conti
                                                United States District Court Judge