# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH PRISE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-1470 |
| | ) | |
| v. | ) | |
| | ) | |
| ALDERWOODS GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**CONTI, District Judge**

### I.     Introduction

Pending before the court is a motion for reconsideration ("Motion" (ECF No. 279)) filed by plaintiff Deborah Prise ("plaintiff" or "Prise"), requesting the court to reconsider its memorandum opinion and order ("Memorandum Opinion and Order" (ECF No. 273)), with respect to plaintiff's motion for equitable relief ("Motion for Equitable Relief" (ECF No. 266)). For the reasons that follow, the Motion will be denied.

### II.     Background[1]

On May 14, 2010, at the end of trial the jury entered a verdict (ECF No. 251) in favor of plaintiff with respect to her claims that defendant retaliated against her when it suspended her after she filed a charge of discrimination with the Equal Employment Opportunity Commission

---

[1] For purposes of the instant motion for reconsideration, the court assumes familiarity with its prior memorandum opinion and order, dated August 31, 2010. See Prise v. Alderwoods Gr., Inc., Civ. A. No. 06-1470, 2010 WL 3432299 (W.D. Pa. Aug. 31, 2010). The operative facts will be discussed in this opinion only to the extent that they are directly relevant to the pending motion for reconsideration.

("EEOC") and the Pennsylvania Human Relations Commission. She was not awarded damages by the jury. She did not prevail on the retaliation claims concerning her resignation – two weeks after she was suspended – being a constructive discharge. On July 9, 2010, plaintiff filed the Motion for Equitable Relief (ECF No. 266) requesting the court to require defendant to cease and desist from retaliating against its employees. Plaintiff based her request on the jury's finding that defendant engaged in activity protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 PA. STAT. §§ 951 et seq.

On July 20, 2010, the court held a hearing. During oral argument, plaintiff requested - for the first time – that the court order Alderwoods Group, Inc. ("defendant" or "Alderwoods Group") to post a notice at its various funeral home locations informing its employees, among other things, about the jury's finding that defendant retaliated against plaintiff for filing a charge of discrimination with the EEOC. Plaintiff argued that kind of notice was necessary to assure defendant's other employees of their right to file a charge of discrimination without fear of retaliation. The court denied the Motion for Equitable Relief, including the request concerning the posting, and detailed its reasons on the record. On August 31, 2010, the court issued the Memorandum Opinion and Order. (ECF No. 273). With respect to the posting of the notice, the court's decision was based, in part, upon its consideration that enforceability of a requirement to post such a notice would be difficult. On September 28, 2010, plaintiff filed the instant Motion. (ECF No. 279). On October 18, 2010, defendant filed its response to the Motion. (ECF No. 283).

## III. Legal Standard

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within twenty-eight days of judgment. See Pediatrix Screening, Inc. v. TeleChem Int'l, Inc., 602 F.3d 541, 546 (3d Cir. 2010). "A proper Rule 59 'motion to alter or amend judgment m[ay] rely on ... the need to correct clear error [of law] or prevent manifest injustice.'" Id. (quoting North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010); see Wilson v. Mobilex USA, Inc., 406 F. App'x 625, 626 (3d Cir. 2011) (finding that the district court did not abuse its discretion in refusing "'to consider evidence presented in a motion for reconsideration when the evidence was available prior to summary judgment'") (quoting Bailey v. United Airlines, 279 F.3d 194, 201 (3d Cir. 2002) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985))). "Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly." Williams v. City of Pittsburgh, 32 F. Supp.2d 236, 238 (W.D. Pa. 1998). In denying a motion for reconsideration, the district court in Williams stated:

> the parties are not free to relitigate issues the court has already decided. Rottmund v. Continental Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Williams, 32 F. Supp.2d at 238.

**IV. Discussion**

Plaintiff requests the court to reconsider its rulings with respect to her request for equitable relief. Plaintiff proposed the court order defendant to post a notice for one year in all funeral homes in the regional markets where plaintiff worked - Pittsburgh, Pennsylvania, Harrisburg, Pennsylvania and West Virginia. The notice would advise defendant's employees about: 1) the jury's finding in this case; 2) the employees' right to be free from retaliation for filing EEOC charges; and 3) the location of the EEOC in the event an employee feels she or he has been retaliated against. Plaintiff also requests the court to reconsider its threshold conclusion that injunctive relief could not be granted because she waived her right for injunctive relief by failing to make such a request at any time after the complaint was filed and through the trial, including failing to request that relief in her pretrial statement.

    A.    <u>Notice Posting</u>

Plaintiff argues that reconsideration of the court's alternative basis for denying her request to require defendant to post a notice is necessary to correct an error of law and to prevent manifest injustice. In challenging the court's rationale that enforcement of a notice posting is questionable because plaintiff is no longer employed by defendant, and because injunctive relief is designed to protect other employees, plaintiff relies upon five decisions: 1) <u>Hare v. Potter</u>, 549 F. Supp.2d 688, 698 (E.D. Pa. 2007) (finding equitable relief "appropriate because the jury found defendant retaliated against one of [its employees]"); 2) <u>EEOC v. DCP Midstream, L.P</u>, 608 F. Supp.2d 107, 108, 112 (D. Me. 2009) (granting a former employee's request for injunctive relief to require the defendant to post a two-year notice to employees within fourteen days after the entry of the judgment); 3) <u>EEOC v. Custom Companies, Inc.</u>, Nos. 02 C 3768, 03 C 2293, 2007 WL 734395, at **19-20 (N.D. Ill. Mar. 8, 2007) (ordering the defendants to be enjoined for a

period of four years from violating Title VII with respect to sexual harassment and retaliation and to post a notice informing its employees about the verdict and injunction in the case, along with the employees' right to contact the EEOC without the fear of retaliation); 4) EEOC v. AIC Security Investigations, Ltd., 823 F. Supp. 571, 580 (N.D. Ill. 1993) (finding injunctive relief proper because the jury concluded there was a violation of the law and it was clear from the testimony at trial that the defendant still believed that its conduct was proper), aff'd in part, rev'd in part, 55 F.3d 1276 (7th Cir. 1995); and 5) EEOC v. Gurnee Inn Corp., 914 F.2d 815 (7th Cir. 1990) (affirming posting for three years of a notice at corporate headquarters and in the employee handbooks or training manuals where the employee was terminated; the managers who failed to take action to stop the harassment at issue were still employed by defendant and still in management positions).

Plaintiff notes that Hare, DCP Midstream L.P., Custom Companies, Inc., AIC Security Investigations, Ltd., and Gurnee Inn Corp., all involve court orders granting equitable relief to former employee plaintiffs prohibiting the employer defendants from engaging in additional discrimination, retaliation, or harassment against other employees and requiring the employers to post a notice related to the respective litigations. Plaintiff argues the rationales of those decisions should be followed by this court.

Plaintiff, among other things, asserts that the instant defendant is similar to the defendants in Custom Companies, Inc., who did not accept responsibility for their violations of the law and "bitterly contested every issue" in the suit. Custom Companies, Inc., 2007 WL 734395, at *19. In support, plaintiff points to defendant's opening and closing statements, testimony at trial, the deposition testimony of defendant's former manager and current employee, Pat McDermott ("McDermott"), the decision to suspend plaintiff having come from defendant's

5

top eschelon management, and posttrial pleadings – including a renewed motion for judgment as a matter of law (ECF Nos. 268, 278).  Plaintiff argues that defendant's continued denial of its unlawful conduct shows that it does not take the jury's decision seriously and that it will more likely than not engage in similar misconduct in the future.  Plaintiff notes that defendant's counsel posted two publications on their firm's website in September 2009 and June 2010 related to this case, describing plaintiff's retaliation claim as "nominal" and announcing that defendant prevailed at trial in plaintiff's employment retaliation claims.  (See Pl.'s Mot., Ex. 2).

Plaintiff argues that the court erred in relying on Cardenas v. Massey, 269 F.3d 251 (3d Cir. 2001), for the proposition that she is not entitled to injunctive relief because she is no longer employed by defendant and cannot assert the rights of other employees.  Plaintiff maintains that the plaintiff in Cardenas sought to enforce the novel implementation of specific antidiscrimination policies by the employer, even though he was no longer employed by that employer, along with changes to his performance evaluations that were contrary to fact.  Id. at 265.  Plaintiff contends that the holding by the Court of Appeals for the Third Circuit in Cardenas - that one cannot sue for the deprivation for another's civil rights - does not apply to the circumstances in this case.  Plaintiff claims that because her own rights were violated, informing defendant's current employees would not only vindicate her rights, but would also advise defendant's current employees about their similar rights.

Defendant argues that plaintiff did not carry her burden to show that the court should reconsider its prior ruling concerning the appropriateness of any injunctive relief in this case.  Defendant contends that no decision relied upon by plaintiff shows the court clearly erred in denying plaintiff's request to order defendant to post the requested notice or that manifest injustice would occur.  Defendant argues that plaintiff did not bring to the court's attention any

6

case involving a plaintiff who, among other things: (a) failed to seek injunctive relief until months after the trial ended; (b) worked at a location that no longer exists for a posting to be placed; (c) was retaliated against by supervisors who are no longer with the defendant; and (d) failed to show that remedies at law were somehow inadequate.

The court agrees with defendant. Plaintiff's reliance on DCP Midstream L.P., Custom Companies, Inc., AIC Security Investigations, Ltd., Gurnee Inn Corp., and Hare is misplaced. The decisions relied upon by plaintiff were available prior to plaintiff's original motion for injunctive relief and the circumstances of those cases are distinguishable from this case. The EEOC was a plaintiff in all the cases cited by plaintiff, except Hare. (See Hrg. Tr. 53, Jul. 20, 2010). Three of these decisions involved substantial punitive damages awards or a determination by the court that defendants were likely to continue to violate the law.

In addressing the appropriateness of injunctive relief under the circumstances before the court in DCP Midstream, L.P., the district court stated:

> Generally, "[w]hile the awarding of some injunctive relief is mandatory where the discrimination is ongoing, such relief is not required where the discrimination has ceased and there is no reasonable probability of further noncompliance." *Preferred Labor LLC,* 2009 WL 415429, at *5; *see also Bruso v. United Airlines, Inc.,* 239 F.3d 848, 864 (7th Cir. 2001) ("[T]he relevant inquiry, then, is whether the employer's discriminatory conduct could possibly persist in the future."). But in a retaliation case, the burden is on the employer to show that it is unlikely to retaliate against protected activity in the future. *Bruso,* 239 F.3d at 864.
>
> Here, DCP Midstream fails to meet that burden. <u>Only one of the four supervisory employees involved in Mayo's termination has left DCP Midstream since the retaliation occurred.</u> DCP Midstream already had formal policies in place prohibiting retaliation before the Mayo incident, but the jury obviously concluded that the previous training and materials for management personnel failed to prevent illegal retaliation. If DCP Midstream's "upper echelon of management felt free to ignore ... policies in the past, there is no reason to believe that those same members of management will

7

abide by them in the future." *Id.; see also Ilona of Hungary, Inc.,* 108 F.3d at 1579 ("[I]njunctive relief is justified ... where the individuals who were found to have discriminated remain the defendant's primary decision-makers.").

DCP Midstream, L.P., 608 F.Supp.2d at 110-11 (analyzing the appropriateness of injunctive relief under the standard set forth in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006)) (emphasis added).[2] The circumstances before the district court in DCP Midstream, L.P. are not the same as those of this case. All the managers implicated here, except McDermott, left the employment of defendant and McDermott - plaintiff's manager at the relevant time - is no longer in a similar management position with Alderwoods Group.

In Custom Companies, Inc., the district court stated that, "the proper inquiry [in determining if injunctive relief is appropriate] is whether the defendant's 'discriminatory conduct could possibly persist in the future.'" Custom Companies, Inc., 2007 WL 734395, at *19 (citing Bruso v. United Airlines, Inc., 239 F.3d 848, 864 (7th Cir. 2001)). In determining that injunctive relief was appropriate under the circumstances of that case, the court stated:

> This Court believes that injunctive relief is appropriate here. Copello and Kennedy persuaded the jury that they were the victims of sexual harassment and retaliatory termination. Fritkin persuaded the jury that she was likewise a victim of retaliation. Additionally, circumstances indicate that Defendants might engage in sexual harassment in the future. The sexual harassment was carried out by several individuals still employed by Defendants, including Wiszowaty and Kolzow. Mandera, Klonowski, and Boyle, all still in upper management positions, failed to stop the harassment. The

---

[2] "[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) ("A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.") (citing Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-13 (1982)). The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion. Id. (citing Romero-Barcelo, 456 U.S. at 320).

<blockquote>
President and owner of the company, Mandera, was even involved in the retaliation.
</blockquote>

Id. (emphasis added).  Those circumstances are not similar to the facts of this case, i.e., here only one of the individuals involved in the retaliation – who is no longer a manager - is currently employed by defendant, there was no showing that individual engaged in any other discrimination, and plaintiff only succeeded with respect to one of six alleged incidents of retaliation.

With respect to plaintiff's argument that defendant continues to deny its unlawful conduct, the court considered that this case was hard fought by both sides.  There were six incidents of alleged retaliation at issue during the trial.  (See Verdict Slip (ECF No. 251)).  Plaintiff prevailed on only one of the incidents – the two-week suspension, for which no damages were awarded.  The court, under those circumstances, cannot find a similarity with Custom Companies, Inc., where the court found that the defendants might engage in sexual harassment in the future because the sexual harassment was carried out by several individuals still employed by the defendant, along with three employees in upper management, who failed to stop the harassment, and the president and owner of the company was involved in the retaliation.  Custom Companies, Inc., 2007 WL 734395, at *19.  Here, only one of the managers involved in the plaintiff's claims, McDermott, is still employed by defendant – but not in a manager's position.  With respect to the postings on the website of defendant's law firm, the court cannot find those postings relevant because there is no allegation or evidence that defendant was involved in the law firm's conduct.

In AIC Sec. Investigations, Ltd., the district court explained why injunctive relief was appropriate in that case:

> The defendants' argument that injunctive relief is improper is not persuasive. <u>The jury found that defendants' conduct was malicious and willful</u> and the <u>evidence at trial provided no assurance that there is no reasonable probability of further non-compliance with the law</u>. Further, it is clear from the testimony of Vrdolyak that she <u>still believes that her conduct was proper</u>. Thus, there is no reason to believe that she would behave any differently toward another disabled employee in the absence of injunctive relief.
>
> This case is closely analogous to *EEOC v. Gurnee Inn Corp.*, 914 F.2d 815 (7th Cir. 1990), where the Court affirmed injunctive relief despite defendant's argument that the individual who had sexually harassed the victim had been fired by the defendant prior to trial. The Court noted that <u>the managers who had failed to take action to stop the harassment were still employed by defendant</u>. In this case, <u>all of the persons who participated in the discriminatory decision making are still managing</u> AIC. I find therefore, that an injunction is necessary to ensure future compliance with the ADA.

<u>AIC Sec. Investigations, Ltd.</u>, 823 F. Supp. at 580 (emphasis added). Here, the jury did not find defendant's conduct was malicious and willful and all but one of the managers involved in the retaliation are no longer employed by defendant and the one who is still employed is no longer employed in a management position.[3] (<u>See</u> Plaintiff's Motion for Reconsideration Regarding Her Motion for Equitable Relief ¶ 14, "when Pat McDermott, a former manager and current employee . . .." (ECF No. 279)).

Likewise, in affirming the district court's decision, the Court of Appeals for the Seventh Circuit in <u>Gurnee Inn Corp.</u>, rejected the defendant's claim that alleged harassment was limited to one manager, who had sexually harassed eleven female former employees and was no longer employed by Gurnee Inn Corp. <u>Gurnee Inn Corp.</u>, 914 F.2d at 817. In affirming the district court's decision, the court of appeals instructed:

> We reject, as did the district court, Gurnee's claim that "[t]he unlawful conduct was limited to one man." . . . The court expressly concluded that the discrimination in this case resulted from "[a

---
[3] In October 2005 McDermott's position changed to that of a "[f]uneral director/embalmer." (Patrick L. McDermott, Jr., Dep. 10-16, May 9, 2008) (ECF No. 137, Ex. 8).

10

> former manager's] behavior *and the Gurnee Inn's continued toleration of that behavior.*" . . . Gurnee had neither an anti-discrimination policy nor a grievance procedure through which employees could complain of sexual harassment; it is to these deficiencies that the injunctive relief is addressed. Moreover, [the former manager's] manager, who the district court concluded was aware of [the former manager's] conduct but did nothing to rectify it, still was employed by Gurnee when the court entered the injunction. The possibility that sexual harassment could persist even after [the former manager] was fired supports the district court's imposition of injunctive relief.

Id.

Here the injunctive relief sought is for posting – not to correct deficiencies in policies or grievance procedures - and all but one of the managers involved are no longer employed by Alderwoods Group and the one who is employed, is no longer a manager. The rationale in Gurnee Inn Corp. is simply not applicable to the circumstances of this case.

The only decision not commenced by the EEOC was Hare. In Hare a jury found that a government defendant created a hostile work environment by dictating systematic changes in the United States Post Office's training regime but – like this case – awarded no compensatory damages. The district court granted equitable relief in favor of the plaintiff, a former employee, by requiring the defendant to publish notices of the verdict and implement a harassment/retaliation training program in the contested region. Hare, 549 F. Supp. 2d at 698. The court noted that the training program should "focus on managerial-level employees in the contested region." Id. The defendant contended that the training would be duplicative of the current training program and unnecessary because the relevant postal regions and some of its supervising personnel had changed. The court disagreed and pointed to the jury's verdict, identifying "a serious deficiency at some levels of defendant's management," which could not be ignored. Id. Plaintiff's case does not present a similar concern.

Here there was a jury verdict finding one incident of retaliation occurred. The record does not reflect evidence of systemic past or ongoing discrimination or retaliation. The court would have to speculate that because the case was so hard fought, defendant is more likely than not to continue to retaliate against its employees. A decision based on such speculation - especially considering that defendant succeeded on plaintiff's other claims - would be inappropriate.

Plaintiff argues that the court should not have relied upon Cardenas. This court did not find under Cardenas that injunctive relief could never be granted to a former employee. The court cited Cardenas for the propositions that the injunction requested by plaintiff could not make her whole since she would not be "affected by the implementation of or failure to implement new policies" by defendant and that enforcement could be difficult due to plaintiff not being able to assert the rights of defendant's other employees. Prise, 2010 WL 3432299 at *3 ("Since plaintiff no longer works for defendant, such an injunction would be difficult to enforce. A request for sanctions or enforcement would need to be brought in the future by some unknown employee who would have standing; plaintiff lacks standing to enforce the rights of third party." (citing Cardenas, 269 F.3d at 265 n.9)).

Plaintiff argues that the court's reference to the local funeral home where she worked having burnt down was in connection with a finding that no notice could be posted. That reference, however, was not the basis for the court's decision. It was mentioned as being "noteworthy." The court understands that fact was not dispositive, but it is noteworthy because the location where plaintiff worked no longer exists and *ipso facto* no notice could be posted there.

Plaintiff does not cite any intervening authority to explain why compensatory damages would not have been an adequate remedy at law. Plaintiff did not present the court with any basis for reconsideration, except to request the court to rethink the decision it already made. Plaintiff failed to show any clear error of law in the court's decision or manifest injustice resulting from it. Plaintiff did not present any new law or identify the availability of any new evidence. Therefore, plaintiff's request to reconsider the court's ruling on this issue will be denied.

B.  Waiver

With respect to the court's threshold basis for its decision – waiver – and its reliance upon the pretrial order in ruling on plaintiff's waiver of her right to injunctive relief, plaintiff contends she reasonably interpreted the court's pretrial order to be limited to seeking the facts and legal theories to be offered at trial – which were set forth at length in her pretrial statement. Plaintiff argues the decisions relied upon by the court in support of waiver, i.e., Alexander v. Riga, 208 F.3d 419, 426 (3d Cir. 2000), and Payne v. S.S. Nabob, 302 F.2d 803, 806-07 (3d Cir. 1962), represent examples of clear and classic waiver – unlike this case – and are distinguishable on the facts. Plaintiff maintains no decision cited in 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §1527 (3d ed. 2010), discusses a party's waiver for failure to state a legal theory for a remedy in a pretrial statement. Finally, plaintiff argues that even if she erred by not raising her legal theories for injunctive relief in her pretrial statement, the court has "broad and flexible equity powers" under Federal Rule of Civil Procedure 54(c). Plaintiff relies upon International Harvester Credit Corp. v. East Coast Truck, 547 F.2d 888, 891 (5th Cir. 1977), to support the proposition that the court should exercise its discretion in the interest of justice under Rule 54(c), because she is entitled to the injunctive

relief she requested in the amended complaint, even if she did not so state in her pretrial statement.

Defendant argues plaintiff failed to carry her burden of demonstrating that the court clearly erred in holding she waived her claim for injunctive relief. Defendant maintains that plaintiff did not cite any intervening case law to show the court clearly erred in applying waiver or identify any manifest injustice resulting from the court's ruling on waiver. Defendant contends that, in essence, plaintiff merely disagrees with the court's opinion based upon its pretrial orders, which is not a proper basis on which to obtain reconsideration of a court's ruling. In support, defendant points to Judkins v. HT Window Fashions Corp., 704 F. Supp. 2d 470, 485 (W.D. Pa. 2010) ("[d]isagreement is not a proper basis on which to obtain reconsideration of a court's ruling").

Defendant argues that plaintiff did not show that the court made a mistake. In support, defendant relies upon, among other decisions, Paladino v. Abraham, No. 09-5041, 2010 WL 1462528, at *1 n.1 (E.D. Pa. Apr. 9, 2010) (finding that the clear error standard for a motion to reconsider "requires a 'definite and firm conviction that a mistake has been committed'") (quoting Easley v. Cromartie, 532 U.S. 234, 242 (2001)). Similarly, defendant argues that plaintiff did not show that she would suffer manifest injustice as a result of the court's ruling. Here, defendant relies upon Donaldson v. Informatica Corp., No. 08-605, 2009 WL 5184380, at *1 (W.D. Pa. Dec. 22, 2009) ("Where the basis of a motion for reconsideration is to correct a manifest injustice, the moving party must show not only that the underlying decision was wrong but 'that it was clearly wrong and that adherence to the decision would create a manifest injustice.'") (quoting Payne v. DeLuca, No. 02-1927, 2006 WL 3590014, at *2 (W.D. Pa. Dec. 11, 2006)).

Plaintiff avers that no decision cited in WRIGHT, MILLER, & KANE, supra, §1527 discusses circumstances in which a party was deemed to have waived a remedy for failure to state a legal theory for that remedy in a pretrial statement. That averment is not accurate. See WRIGHT, MILLER, & KANE, supra, §1527 (citing Miller v. Bare, 457 F. Supp. 1359, 1366 (W.D. Pa. 1978) ("The question of punitive damages and counsel fees, which were claimed in the Complaint is not before the Court, since neither was claimed in the Plaintiff's Pretrial Statement, Supplemental Pretrial Statement, nor at the Pretrial Conference."). It is problematic that a party would have to defend after a trial against a motion for injunctive relief, when the party is not on notice in the pretrial stage that the trial would provide the evidentiary basis for the injunctive relief sought.

International Harvester does not support plaintiff's position that the court should have used its equity powers under Federal Rule of Civil Procedure 54(c) to grant her injunctive relief. Simply because plaintiff requested injunctive relief in her amended complaint does not entitle her to that relief, especially since she failed to indicate she sought injunctive relief at any time thereafter. This is particularly true when plaintiff's request for the notice posting was not included in her motion for equitable relief and was only brought to the court's and defendant's attention at the hearing on her motion for injunctive relief on July 20, 2010.

In the Memorandum Opinion, the court found that plaintiff waived her right to injunctive relief because she did not set forth that request in her pretrial statement. Prise, 2010 WL 3432299, at **2-3. The court cited its case management pretrial order, which provided in relevant part:

> 6. Contents of pretrial statements. As provided in Local Rule LR 16.1.4 of this court, the parties' pretrial statements shall set forth the information hereinafter described:

> (A) Factual and Legal Contentions. A brief but full
> exposition shall be made of the legal theories that will be
> pursued at trial and a statement shall be made, in
> narrative form, of the material facts that will be offered
> at trial.
>
> ***
>
> (F) Sanctions. At trial, each party shall be limited to
> those factual and legal issues contained in his or her
> pretrial statements. All evidence, except evidence
> offered for impeachment, that does not related to a
> factual or legal issue set forth in the pretrial statement or
> disclosed at the pretrial conference shall be excluded
> unless the parties agree otherwise or the court orders
> otherwise.

Id. at *3 (citing Case Management Order – Pretrial, dated Oct. 15, 2009, ¶ 6. (ECF No. 172)). The court relied upon Payne, 302 F.2d at 806-07, Alexander, 208 F.3d at 426, and 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE CIVIL § 1527 (3d ed. 2010).

Plaintiff argues that her waiver of injunctive relief is not clear and classic like the waivers found by the courts in Alexander and Payne. This court, however, determined that the waivers found in Alexander, where a plaintiff waived the right to object to jury instructions by not objecting to them at an earlier opportunity, and in Payne, where a plaintiff failed to include an important theory of liability in the pretrial memorandum and to list two witnesses, are similar to the waiver here. Plaintiff was required to identify in the pretrial statement the factual and legal issues involved in the case. Whether plaintiff is entitled to injunctive relief certainly involves factual and legal issues. Plaintiff's attempt to distinguish her circumstances from the circumstances in Alexander and Payne predicated on whether her circumstances rose to the level of a clear and classic waiver is not persuasive.

Plaintiff did not meet her burden to show the need to correct a clear error of law with respect to the court's determination that she waived her right to injunctive relief or to show the need to prevent manifest injustice. Plaintiff did not argue the availability of new evidence not previously available, or any intervening change in controlling law; rather, plaintiff essentially attempts to relitigate issues which were decided in the Memorandum Opinion and Order.

## V.   Conclusion

For the reasons set forth above, and in the Memorandum Opinion dated August 31, 2010, the Motion will be denied.

## **ORDER**

**AND NOW**, upon consideration of the motion for reconsideration filed by plaintiff Deborah Prise (ECF No. 279), and defendant Alderwoods Group Inc.'s response thereto (ECF No. 283), **IT IS HEREBY ORDERED** that the motion for reconsideration is **DENIED**.

Dated: June 24, 2011                             By the court,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge