IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |  |
|---|---|---|
| DEBORAH PRISE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-1470 |
| | ) | |
| v. | ) | |
| | ) | |
| ALDERWOODS GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**CONTI, District Judge**

**I.   Introduction**

Pending before the court is a motion for attorneys' fees and expenses (the "Motion" (ECF No. 276)), filed by plaintiff Deborah Prise ("plaintiff" or "Prise"), pursuant to Federal Rule of Civil Procedure 54(d)(2), 42 U.S.C. §§ 1988, 2000e-5(k), and 43 PA. CONS. STAT. § 962(c)(2). Prise seeks an award of $819,790.00 for attorneys' fees and expenses in the amount of $13,344.58 to be paid by defendant Alderwoods Group, Inc. ("defendant" or "Alderwoods Group"). For the reasons set forth below, the Motion will be denied.

**II.   Procedural History**

**Background**[1]

In 2006, Prise brought claims of employment discrimination against Alderwoods Group

---

[1] For purposes of this Motion, the court assumes the parties' familiarity with its prior memorandum opinion (ECF No. 169) and order (ECF No. 170). See Prise v. Alderwoods Gr., Inc., 657 F. Supp. 2d 564 (W.D. Pa. 2009)). The operative facts will be discussed in this opinion only to the extent they are directly relevant to the Motion.

1

alleging that Alderwoods Group subjected her to various forms of illegal discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. §§ 951 *et seq.* (the "PHRA"), and the Equal Pay Act, 29 U.S.C. § 206(d). On September 21, 2009, this court issued a memorandum opinion (ECF No. 169) and an order (ECF No. 170) granting Alderwoods Group's motion for summary judgment with respect to all claims except plaintiff's retaliation claims under Title VII and the PHRA. As a result, the only claims that remained for trial were plaintiff's six retaliation claims.

On May 4, 2010, plaintiff's claims of retaliatory discrimination went to trial before a jury. On May 14, 2010, the jury rendered a verdict in favor of Prise with respect to her claim that Alderwoods Group retaliated against Prise when it suspended her after she filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") and the Pennsylvania Human Relations Commission.[2] The jury rendered a verdict in favor of Alderwoods Group on all other retaliation claims filed by Prise. (Verdict Slip (ECF No. 251).) No compensatory or punitive damages were awarded. (Id.)

On July 9, 2010, plaintiff filed a motion for equitable relief seeking a permanent injunction requiring defendant to cease and desist from retaliating against its employees in the future if the employees were to engage in activity protected by Title VII. (ECF No. 266.) On July 20, 2010, the court held a hearing. During oral argument, plaintiff requested – for the first time – that in the alternative the court order defendant to post a notice at its various places of employment locations

---

[2] For purposes of this Motion, the court will refer to plaintiff's filing of employment discrimination charges with EEOC to include her filing of the same charges of employment discrimination against defendant with the Pennsylvania Human Relations Commission.

2

reminding defendant's employees of its antiretaliation policy and stating that the notice is a result of a jury's finding that defendant retaliated against plaintiff for filing a charge of discrimination with the EEOC. Plaintiff argued that such notice was necessary to assure defendant's other employees of their right to file a charge of discrimination without fear of retaliation.

At the hearing, the court denied plaintiff's requests for equitable relief and informed the parties that judgment would be entered in favor of plaintiff on the claims on which she had prevailed with an award of nominal damages and in favor of defendant on all other claims. (Hr'g Tr. 59, July 20, 2010 (ECF No. 269).) Defendant objected to any award of nominal damages in favor of plaintiff. (Id.) The court informed that parties that it would issue an opinion setting forth its reasons for denying plaintiff's requests for equitable relief and ordered the parties to submit supplemental briefs on the issue of nominal damages.

On August 31, 2010, the court issued a memorandum opinion and order denying plaintiff's motion for equitable relief. (ECF No. 273.) With respect to plaintiff's request for a permanent injunction, the court found that plaintiff expressly waived her right to injunctive relief in a pretrial proceeding. The court also found that the permanent injunction and posting of a notice were not appropriate under the four-prong test set forth in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006),[3] because, among other things, plaintiff failed to show that: 1) she was irreparably damaged by plaintiff's actions, and 2) that remedies available at law were inadequate to compensate her for any injury caused by defendant. On the same date, the court entered a separate

---

[3] In eBay, the United States Supreme Court set forth a four-pronged test a plaintiff must satisfy in order to be granted a permanent injunction: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay, 547 U.S. at 391.

order denying plaintiff's request for nominal damages on the basis that plaintiff had also expressly waived her right to nominal damages at a pretrial proceeding. (ECF No. 274.)

On August 31, 2010, a judgment was entered in favor of plaintiff and against defendant, with no award of damages, at count III (retaliation by suspending plaintiff in violation of Title VII) and count VI (retaliation by suspending plaintiff in violation of the PHRA) of the Third Amended Complaint. A judgment in favor of defendant and against plaintiff was entered on all other claims. (ECF No. 275.)

On September 15, 2010, plaintiff filed the instant Motion with respect to the retaliation claim on which plaintiff prevailed concerning her suspension after she filed a charge of discrimination with the EEOC. On October 5, 2010, defendant filed a response to the Motion. (Defendant Alderwoods Group, Inc.'s Opp'n to Pl.'s Mot. for Attorney Fees and Expenses (ECF No. 282).)

## III.   Standard of Review

A district court has the discretion to award reasonable attorneys' fees to the prevailing party in an employment discrimination case. Hensley v. Eckerhart, 461 U.S. 424, 426 (1983); Spencer v.Wal-Mart Stores, Inc., 469 F.3d 311, 318 (3d Cir. 2006), cert. denied. 551 U.S. 1141 (2007). The standard for awarding attorneys' fees is the same for a Title VII claim as a claim under the Civil Rights Act of 1964, 42 U.S.C. § 1988. Pennsylvania v. Flaherty, 40 F.3d 57, 61 (3d Cir. 1994) (citing Hensley, 461 U.S. at 433 n.7). The threshold issue is to determine whether there is a prevailing party. See Hensley, 461 U.S. at 433. To qualify as a prevailing party, the plaintiff "must obtain an enforceable judgment" or comparable relief against the defendant. Farrar

v. Hobby, 506 U.S. 103, 111 (1992).  "[A] judgment - declaratory or otherwise – will constitute relief, for purposes of [42 U.S.C.] § 1988, if, and only if, it affects the behavior of the defendant toward the plaintiff." Id. at 110 (internal citation omitted).

**IV.    The Motion**

Plaintiff contends that there is a presumption that, absent special circumstances, a prevailing party is to be awarded attorneys' fees.  Plaintiff relies upon, among other decisions, Alexander v. Riga, 208 F.3d 419 (3d Cir. 2000), where the court awarded fees and costs despite a judgment being entered with no damages in a housing discrimination claim, contending it would otherwise create a "paradigmatic 'miscarriage of justice.'"  Alexander, 208 F.3d at 430 n.8. Plaintiff argues that she "need not achieve all of the relief requested nor even ultimately win the case to be eligible for a fee award", she only need to achieve some benefit.  J.O. *ex rel.* C.O. v. Orange Twp. Bd. of Educ., 287 F.3d 267, 271 (3d Cir. 2002)).  Plaintiff concedes that status as a prevailing party requires that she "succeed[] on any significant issue in litigation which achieves some benefit she sought in bringing suit." (Pl's Mot. for Attorney Fees and Expenses 3 (citing Hensley, 461 U.S. at 433).)  Plaintiff points out that because she prevailed in a Title VII civil rights action, she "is the chosen instrument of Congress to vindicate a policy that is considered of the highest priority."  (Id. at 4 (internal quotation marks omitted) (citing Christianburg Garment Co. v. EEOC, 434 U.S. 412, 418 (1978).)  In light of these authorities, plaintiff contends she qualifies as prevailing party because the jury found she was suspended from her employment in retaliation for having filed an EEOC charge of discrimination and because a judgment was entered on her behalf against defendant.

Defendant argues that, as a procedural matter pursuant to Federal Rule of Civil Procedure 54(2)(2)(B)(i), plaintiff's request for attorneys' fees was not timely filed. Defendant notes that plaintiff was required to file the Motion within fourteen days from the date of judgment (ECF No. 275), which was August 31, 2010 – or, in other words, by September 14, 2010. The Motion was filed on September 15, 2010 – one day late.

Substantively, defendant disputes that plaintiff is a prevailing party. Defendant argues that moral satisfaction is not enough to make one a prevailing party and plaintiff is not entitled to any fees because she did not receive any relief on the merits of her claim; rather, she achieved only a judgment, with no actual benefit. See Hewitt v. Helms, 482 U.S. 755, 762 (1987). Defendant argues that plaintiff must "materially alter[] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar, 506 U.S. at 111. Defendant notes that plaintiff cannot point to damages of any kind. The specific funeral home where plaintiff worked no longer exists, and the parties have no current employment relationship. Defendant relies upon, among other decisions, Nissim v. McNeil Consumer Products. Co., Inc., 957 F. Supp. 604, 605 (E.D. Pa. 1997), and Walton v. City of Philadelphia, No. Civ. A. 97-5203, 1998 WL 633676 (E.D. Pa. Aug. 17, 1998). In Nissim, the district court held that the plaintiff was not a prevailing party for purposes of obtaining attorneys' fees in a Title VII retaliatory discharge claim where the plaintiff obtained a judgment, but not any of his damages requested and he was no longer employed. The court held that, under those circumstances, there could be no modification of any legal duties between the parties. In Walton, the district court concluded that plaintiff was not a prevailing party because she did not receive

any damages, not even nominal damages. Although the jury found that defendant subjected plaintiff to unlawful retaliation, the judgment was not enforceable because it did not directly benefit plaintiff or affect defendant's treatment of her as plaintiff was no longer employed by defendant.

Plaintiff argues that, assuming she is a prevailing party, the proper measure of damages is the lodestar formula, where the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate, and is strongly presumed to yield a reasonable fee. Plaintiff relies upon Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). Plaintiff maintains she met this standard by adducing evidence such as affidavits for the hours worked and rates claimed. See Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1989). Plaintiff contends that absent specific evidence challenging the content of her fee evidence, a trial court cannot reduce the hourly rate requested. See Smith v. Phila. Housing Auth., 107 F.3d 223, 225 (3d Cir. 1997).

Defendant disputes the application of the lodestar formula in this case. Defendant argues that, even if plaintiff survives the threshold prevailing party analysis, she achieved only limited success and that the appropriate fee would be zero. See Farrar, 506 U.S. at 115 ("When a plaintiff recovers only nominal damages . . . the only reasonable fee is usually no fee at all."). Defendant also points to decisions of courts of appeals outside the Third Circuit. See, e.g., Johnson v. City of Aiken, 278 F.3d 333, 338 (4th Cir. 2002) (holding that nominal damages amounts to "technical" victory and does not justify any award of attorneys' fees); Pino v. Locascio, 101 F.3d 235, 238 (2d Cir. 1996) (holding that Title VII limited success cases that do not break new legal

ground cannot justify departing from the Farrar standard); Cartwright v. Stamper, 7 F.3d 106, 110 (7th Cir. 1993) (holding that nominal damages amounts to "purely technical" victory and does not justify any award of attorneys' fees). Defendant argues that there was no public purpose behind the instant case beyond personal benefit, as plaintiff expressly declined to seek a claim on behalf of any other employees similarly situated.

**V.   Discussion**

    A.    <u>Timeliness of the Motion</u>

Defendant correctly notes that plaintiff's request for attorneys' fees was not timely filed. Pursuant to Rule 54(2)(2)(B)(i), plaintiff was required to file the Motion within fourteen days from the date of judgment, or no later than September 14, 2010. Although the Motion was filed on the next day, plaintiff's untimeliness – in and of itself – is not fatal to her request for attorneys' fees and expenses. It is not an abuse of discretion for a district court to accept a late motion for attorneys' fees when it is filed one day late due to excusable neglect. See 10 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2680 at 80-81 (3d ed. Supp. 2011) (citing Crue v. Aiken, 370 F.3d 668 (7th Cir. 2004) and Sugarbaker v. SSM Health Care, 187 F.3d 853 (8th Cir. 1999).) The court for purposes of the Motion will assume that excusable neglect could be established by plaintiff.

    B.    <u>Prevailing Party</u>

As noted above, plaintiff in essence argues that a judgment alone is sufficient to make her a "prevailing party" for purposes of being awarded attorneys' fees and expenses. This court disagrees. In Singer Management Consultants, Inc. v. Milgram, --- F.3d ----, 2011 WL 2342733

(3d Cir. 2011) (en banc), the Court of Appeals for the Third Circuit held:

> To be eligible to make a prevailing-party claim under § 1988, the plaintiff must, "at a minimum, . . . be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). The change must be "judicially sanctioned," Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), and must "achieve[ ] some of the benefit the part[y] sought in bringing suit," [Hensley, 461 U.S. at 433].
>
> . . . .
>
> The Supreme Court so far has identified two resolutions that establish prevailing party eligibility: (1) judgments on the merits, and (2) court-ordered consent decrees (including settlement agreements enforced through consent decrees). [Buckhannon Bd. & Care Home, 532 U.S. at 604]. The first resolution contains two independent requirements: (1) a judgment (2) that was on the merits.

Id. at *4-5.

Here, there is a judgment. Regarding the judgment requirement, the court of appeals noted:

> A grant of summary judgment or a trial verdict in favor of the plaintiff is no doubt a "judgment." In contrast, a court's "judicial pronouncement that the defendant has violated the Constitution" does not create the requisite "material alteration of the legal relationship between the parties . . . until the plaintiff becomes entitled to enforce a judgment." [Farrar, 506 U.S. at 112–13].
>
> Thus, when an appellate court, in reversing the district court's dismissal of the plaintiff's claim, ruled that the plaintiff's constitutional rights were violated, the Supreme Court held that the plaintiff had not "prevailed" because there was no enforceable judgment. [Hewitt, 482 U.S. at 760]. The only "relief" to the plaintiff from this appellate victory was "the moral satisfaction of knowing that a federal court concluded that his rights had been violated." Id. at 762.

9

Id. at *5 (emphasis added).

The question here is whether there is a judgment that can be enforced. In other words, whether a favorable judgment without "relief" on the merits is sufficient to make Prise a prevailing party. See Hewitt, 482 U.S. at 763. In Hewitt the Supreme Court found the plaintiff could not identify any relief he received: no damages were awarded, no injunction or declaratory judgment was entered in his favor, and no consent decree or settlement was obtained. Id. at 760. The Supreme Court concluded: "[w]hatever the outer boundaries of [prevailing party] may be, [plaintiff] does not fit within them. Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." Id. at 759-60.

As noted above, Prise was not awarded any damages and deliberately waived her right to nominal damages. The waiver of nominal damages, in and of itself, distinguishes this case from all decisions cited by Prise. Additionally, no injunctive relief or declaratory judgment was granted on Prise's favor and Prise is no longer employed by Alderwoods Group. (See ECF No. 273.) The Supreme Court of the United States has several times declined to classify a party as prevailing for the purpose of awarding attorneys' fees where the defendant and the plaintiff no longer have a continuing relationship affected by the judgment. See, e.g., Rhodes v. Stewart, 488 U.S. 1, 2 (1988) (per curiam) (reversing award of attorneys' fees based solely on a declaratory judgment obtained by two inmates where one had since died and the other was no longer in custody). Under the circumstances of the case where no relief, not even nominal damages, was awarded, Prise does not qualify as a prevailing party.

Plaintiff relies on Alexander for the proposition that failure to award plaintiff attorneys' fees where there was a jury finding and entry of judgment in favor of plaintiff based upon defendant's violation of federal law, but no award of monetary damages or of an injunctive relief, would create a "paradigmatic miscarriage of justice." Alexander, 208 F.3d at 430 n.8. Plaintiff noted that the court of appeals "further reasoned that the failure to award fees was contrary to public policy considerations for compensating a victim who successfully proved a federal law violation." Id.

With respect to the issue whether or not plaintiff in that case was a prevailing party, the court of appeals noted:

> On a crucial and related matter [to the issue of an award of nominal damages], we find that because the jury found that the Fair Housing Act was violated, the District Court was required, as a matter of law, to enter judgment for both the Alexanders and the [Fair Housing Partnership ("FHP")]. The District Court's refusal to enter judgment for the Alexanders constitutes an abuse of discretion, and we will reverse. Similarly, the District Court abused its discretion in failing to find that both the Alexanders and the FHP were "prevailing parties" and entitled to costs under 42 U.S.C. § 3613(c)(2). See New Jersey Coalition of Rooming & Boarding House Owners v. Mayor of Asbury Park, 152 F.3d 217, 225 (3d Cir. 1998) (the Fair Housing Act's costs "provision, which sounds fully discretionary . . . - 'the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs'- actually is not. In fact, a district court's discretion not to grant attorney's fees and costs in civil rights cases is tightly cabined.") We therefore hold that both the Alexanders and the FHP were prevailing parties and will direct the District Court to award them attorneys' fees and costs on remand.

Id. at 429-30.

While at first glance <u>Alexander</u> may seem to lend some support Prise's argument, a closer look reveals that Prise's reliance on <u>Alexander</u> is misplaced for several reasons. First, in <u>Alexander</u>, the appellant pointed out that the judgment itself changed the defendants' legal status for the worse noting that

> [defendants] are now subject to debarment from federally funded HUD Title VIII programs as guilty of race discrimination. They are also liable for enhanced penalties under federal and state housing law as 'known violators'. This changes the 'legal relationship' of the Landlords to the community for the worse, and penalizes them more severely for future violations.

Appellant's Br. at *46 n.16, <u>Alexander</u>, 1998 WL 34093747. Here, Prise is unable to point to anything suggesting a change in the legal situation aside from the entry of the judgment.

Second, plaintiff overlooks the facts and procedural history of that case. In <u>Alexander</u>, the district court, among other things, (i) failed to instruct the jury about nominal damages and (ii) erred in refusing to submit the punitive damage issue to the jury. Here, the factual and procedural situation concerning the award of damages is quite different: (i) Prise asked this court not to include nominal damages in the jury instructions (<u>see</u> Trial Tr. 98-99, May 11, 2010 (ECF No. 260), Pl.'s Br. in Resp. to Def.'s Br. in Opp'n to Nominal Damages 2 (ECF No. 272)), and (ii) the court instructed the jury on compensatory and punitive damages, but the jury decided to award no damages. As such, the instant matter is distinguishable from <u>Alexander</u>.

Third, there is no indication that the court of appeals in <u>Alexander</u> intended to part from the long-standing rule that "[t]o be eligible to make a prevailing-party claim under § 1988, the plaintiff must, at a minimum, . . . be able to point to a resolution of the dispute which changes the

legal relationship between itself and the defendant." Singer, --- F.3d at ----, 2011 WL 2342733, at *4 (internal quotation omitted).

Prise also relies on Ferczack v. Woodruff Family Services, LLP, No. 01-1898, 2007 WL 951439 (W.D. Pa. Mar. 26, 2007), for the proposition that a plaintiff who won a Title VII verdict, but who was not awarded compensatory or punitive damages, was entitled to an award of attorneys' fees. Plaintiff fails to mention that the plaintiff in Ferczack obtained an enforceable judgment to back pay damages. This is not the case here. (See Pl.'s Br. in Resp. to Def.'s Br. in Opp'n to Nominal Damages 2 (ECF No. 272).)

Prise finally relies on J.O. ex rel. C.O. v. Orange Township Board of Education, 287 F.3d 267 (3d Cir. 2002) and Wheeler v. Towanda Area School District, 950 F.2d 128 (3d Cir. 1991). A careful reading of both decisions shows they do not support her position. Instead, those decisions support the conclusion that a party is considered a prevailing party as long as that party achieves some change in the legal relationship between that party and the defendant. The "relief need not be the exact relief requested as long as it goes toward achieving the same goal. To succeed, at a minimum . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." J.O., 287 F.3d at 271 (internal citation omitted). This determination "involves a commonsense comparison between the relief sought and obtained." Wheeler, 950 F.2d at 131.

Under the instant circumstances, this court must follow the precedent set forth by the Supreme Court of the United States in Farrar. In considering whether a plaintiff was a prevailing

party under similar circumstances to the instant case, the District of Columbia Court of Appeals found:

> Unlike the award of nominal damages at issue in *Farrar,* a judgment with no damages at all is not an "enforceable judgment" - there is simply nothing to enforce. While an empty judgment may provide some moral satisfaction, such a judgment carries no real relief and thus does not entitle the judgment winner to be treated as a prevailing party.

Tunison v. Continental Airlines Corp., Inc., 162 F.3d 1187, 1190 (D.C. Cir. 1998).

Here, the court cannot find that plaintiff is a prevailing party because the outcome of this litigation did not materially alter the legal relationship of the parties (see Buckhannon Bd. and Care Home, Inc., 532 U.S. at 604 (citing Tex. State Teachers Assn., 489 U.S. at 792-93); Farrar, 506 U.S. at 111-12), and plaintiff did not achieve any benefit she sought in bringing suit. Singer, --- F.3d ----, 2011 WL 2342733, at *4 (citing Hensley, 461 U.S. at 433). Although a verdict on one claim was rendered in favor of Prise and the court entered judgment on that claim in her favor, there is nothing about that judgment that can be enforced by plaintiff against defendant and there is no material change in the legal relationship between the parties. It was, therefore, a pyrrhic victory.

Without a change in the legal relationship between plaintiff and defendant, plaintiff is not a prevailing party. As such, the court lacks the authority to award attorneys' fees and expenses no matter how hard plaintiff's attorneys fought to have the judgment entered on one of her claims. By reason of the court's inability to award attorneys' fees and expenses, the court need not analyze whether the fees submitted by plaintiff are reasonable.

## VI. Conclusion

Plaintiff is not entitled to recover any attorneys' fees and expenses because she is not a prevailing party. For the reasons set forth above, the Motion will be denied. An appropriate order follows.

**ORDER**

**AND NOW**, on this 26th day of September, 2011, upon consideration of the motion for attorneys' fees and expenses filed by plaintiff Deborah Prise (ECF No. 276) and the response thereto,

**IT IS HEREBY ORDERED** that that plaintiff, Deborah Prise's motion for attorneys' fees and expenses is DENIED.

BY THE COURT,

/s/
Joy Flowers Conti
United States District Judge